# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAN WILLIAM CHILCOTT, | ) | |
| Plaintiff, | ) | Civil Action No. 12-53 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CITY ERIE, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

*Procedural History*

This action will be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 4] will be dismissed as moot. Additionally, Plaintiff's motions for preliminary injunction [ECF No. 7 and 8] and Plaintiff's motion to consolidate [ECF No. 6] are dismissed as moot.[2]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff has voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF No. 5.

[2] In his motions for injunctive relief, Plaintiff seeks: "Judge Domitrovich should have recussed (sic) herself from this but since she didn't and is trying to get me thrown in jail I ask you to grant me a junction (sic) to stay this PFA until I can get a (sic) appeal." ECF No. 7. See also ECF No. 8. In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). A preliminary injunction "an extraordinary remedy," and the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction. See Adams v.

1

On February 22, 2012, Plaintiff filed the instant action. At the time of the filing of the complaint, Plaintiff was incarcerated at Erie County Prison. See ECF No. 1-2, page 1. Shortly thereafter, he filed a motion for leave to proceed *in forma pauperis*. In his *pro se* complaint, Plaintiff names the following Defendants: City [of] Erie; Rite Aid; City's Agency Erie; Work Release Prison; and Domestic Relations. Plaintiff seeks $150,000 in punitive damages.

Plaintiff summarizes his claims as follows:

> City of Erie Erie Police detained me outside my home, took my gun's (sic) without any warrant. They searched my house from top to bottom[.] They had no warrant[.] Sentenced me to 6 months without given (sic) me a (sic) attorney or chance to fight my charges[.] Rite Aid beat me up and unlawfully detained me. Work Release violated 4th Amendment rights and Americans with Disabilities Act and Cross Road they discriminated against me.

ECF No. 1, page 4.

More specifically, Plaintiff alleges:

1) In July 2010 Erie police detained me outside my house and searched and seized 12 guns from my house[.] They had no warrants[.] They violated 4th Amendment rights of the Plaintiff.
Relief 150 thousand[.] There was similar case in Pittsburgh couple years ago[.] They got pretty (sic) good amount in punitive award plus would like guns returned.

---

Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). As these elements suggest, "there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" See Ball v. Famiglio, 396 Fed.Appx 836, 837 (3d Cir. 2010) quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010).

In this case there is no relationship between the injury claimed in Plaintiff's motions for injunctive relief and the conduct asserted in the complaint. Additionally, the claims raised in the motions for injunctive relief implicate ongoing state legal proceedings over which this Court must abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37 (1971). See Wattie-Bey v. Attorney General's Office, 424 Fed.Appx 95, 96-97 (3d Cir. 2011) ("[i]n certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceedings. Younger abstention is appropriate when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.") (internal citations omitted).

2

2) January 6th 2012. I have been a Rite Aid costermer (sic) for last 15 years[.] I have never shoplifted anything from any store ever not even as a kid[.] I started new medication witch (sic) I get from Rite Aid[.] On December 14, 2011 the medication made me disoriented and confused[.] On January 6th I had a list of things I wanted to buy at Rite Aid and I would grab item and stick it in bag[.] Two employees roughed me up and charged me with stealing[.] I had money to buy items and never resisted[.] I feel Rite Aid violated my civel (sic) rights.
Relief 150 thousand.

3) December 6th City Erie sentenced me 6th months made purge to high[.] Didn't give me a lawyer[.] Didn't stay the contempt when I asked for hearing within ten days. Didn't let me go even after they got evidence of my innocents (sic). There (sic) guilty of [malicious prosecution], false imprisonment and Americans with Disabilities Act[.] They violated more civel (sic) rights.

4) City of Erie. The prison on January 31 violated 4th Amendment rights of due process by removing me from work release without out (sic) given (sic) me a hearing[.] They also violated Americans with Disabilities Act by usen (sic) my disability as reason to punish me. Want 150 thousand.

ECF No. 1, page 2.

### *Standards of Review*

**The Prison Litigation Reform Act**

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be

3

granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

### *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6)

4

standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

*Analysis*

Even liberally construing the factual allegations of the pleadings, this action will be dismissed as frivolous.

All the claims against Rite Aid must be dismissed because there is no allegation that it or its employees are state actors subject to liability under 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, Plaintiff's claims involving the Work Release Program and the Americans with Disabilities Act must be dismissed as Plaintiff has failed to allege any facts sufficient for this Court to even liberally construe a *prima facie* case of discrimination under the Act. See Taylor v. Phoenixville School Dist., 184 F.3d 296, 306 (3d Cir. 1999) ("[W]e have held that in order for a plaintiff to establish a prima facie case of discrimination under the ADA, the plaintiff must show: '(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.'").

The remainder of Plaintiff's claims here are barred by the favorable termination requirement of Heck v. Humphrey, (512 U.S. 447 (1994)) which prevents an indirect attack on the validity of a conviction via a civil rights suit unless that conviction has been overturned in some way. See Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (plaintiff generally cannot maintain a § 1983 action unless the "termination of the prior criminal proceeding [was resolved]

in favor of the accused."). As Plaintiff has not alleged that any of the underlying proceedings which he challenges have been terminated in his favor, he is precluded from bringing a § 1983 action in federal court.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAN WILLIAM CHILCOTT, | ) | |
| Plaintiff, | ) | Civil Action No. 12-53 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CITY ERIE, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

# O R D E R

AND NOW, this 13th day of April, 2012;

IT IS HEREBY ORDERED that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 4] will be dismissed as moot.

IT IS FURTHER ORDERED that motions for preliminary injunction [ECF Nos. 7 and 8] are dismissed as moot.

IT IS FURTHER ORDERED that Plaintiff's motion for consolidation [ECF No. 6] is dismissed as moot.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge